UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sharon L. Sovick,<br><br>                        Plaintiff<br><br>vs.<br><br>Portfolio Recovery Associates, LLC,<br><br>                        Defendant | C/A # 3:14-cv-00092-CMC<br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff, complaining of the Defendant above-named, would show this Court as follows:

**JURISDICTION & VENUE**

1. Plaintiff is a resident of the State of South Carolina.

2. Defendant, Portfolio Recovery Associates, LLC (hereinafter referred to as "PRA") may be served with process through its CEO, Steve Fredrickson, at its corporate headquarters, 140 Corporate Blvd., Norfolk, VA 23502.

3. Defendant PRA is a Limited Liability Company whose sole member, Portfolio Recovery Associates, Inc., is a corporation organized under the laws of the state of Delaware, and headquartered in the Commonwealth of Virginia.

4. Defendant PRA regularly collects debts and is a debt collector as that term is defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6).

5. This Court has Jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331 and §1367.

6. Plaintiff would further show that the amount in controversy in this case exceeds $75,000.00, that there is complete diversity of citizenship between all parties, and that in addition to

jurisdiction as stated above, this Court has jurisdiction over the parties and subject matter of this action pursuant to 28 U.S.C. § 1332.

7. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## FACTUAL ALLEGATIONS

8. This is an action brought by Plaintiff, Sharon L. Sovick, for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq, (hereinafter "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA").

9. On or about November 15, 2012 Defendant PRA filed an action against Plaintiff in Lexington County, South Carolina, to recover a debt allegedly purchased from Capital One Bank, ending in account number 5471, with an approximate claimed balance due of $3,450.79.

10. Plaintiff retained counsel and timely filed an Answer to the Complaint.

11. On or about June 26, 2013, following discovery, Defendant PRA dismissed its Complaint against Plaintiff, with prejudice.

12. Despite its dismissal with prejudice, actual notice that Plaintiff was represented by an attorney and could not be contacted directly, and the knowledge that further collection action could not be undertaken, Defendant PRA nevertheless continued to contact Plaintiff following the dismissal.

13. From July 11, 2013 through October 21, 2013, Defendant made automated calls to Plaintiff's cellular telephone in excess of 50 times in an attempt to collect the same debt uopn which its prior lawsuit had been dismissed, with prejudice following Plaintiff's retention of counsel.

14. The above calls came from various telephone numbers with area codes that masked or attempted to mask their true origin.

15. On certain occasions, the above calls were placed one right after the other, within a few minutes of the prior call (which was frequently a hang-up).

16. The purpose of the calls was to collect the same debt ending in 5471 as referenced in Portfolio's collection complaint.

17. Said calls placed to the Plaintiff's cellular telephone were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

18. Defendant repeatedly called Plaintiff on a number that was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

19. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A).

20. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

21. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

## FOR A FIRST CAUSE OF ACTION
### (Fair Debt Collection Practices Act - 15 U.S.C. §1692)

22. The above allegations are realleged as if set forth herein verbatim.

23. Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act with respect to the Plaintiff and an alleged consumer debt.

24. Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

25. Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce her into paying a debt in violation of §1692d(5).

26. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

27. The Defendant violated §1692b by contacting a debtor directly who it knew or should have known was represented by counsel, and in such other respects as may be shown at trial.

28. As a direct and proximate result of the foregoing, Plaintiff suffered worry, humiliation, anxiety, sleeplessness, and physical manifestations of emotional distress, for which she is entitled to statutory damages, actual damages, attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION

**(Violation of the Telephone Consumer Protection Act - 47 U.S.C. § 227)**

29. The above allegations are realleged herein verbatim.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to the above-cited provisions of 47 U.S.C. § 227 *et seq.*

31. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.,* Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.§ 227(b)(3)(B).

## FOR A THIRD CAUSE OF ACTION

**(Violation of the Telephone Consumer Protection Act - 47 U.S.C. § 227)**

32. The above allegations are realleged herein verbatim.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and willful violations of the TCPA, including but not limited to the above-cited provisions of 47 U.S.C. § 227 *et seq.*

34. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

**PRAYER FOR RELIEF**

WHEREFORE, the prayer of the Plaintiff is for judgment pursuant against the Defendant as follows:

1. For relief in amounts or other appropriate relief as may be determined by the Court pursuant to 15 U.S.C. §1692 to include the Plaintiff's actual damages, statutory damages of one thousand ($1,000.00) dollars, as well as attorney's fees and costs.

2. For statutory damages of $500.00 from the Defendant for each and every violation of the TCPA;

3. For treble statutory damages of $1,500.00 for each and every call made to the Plaintiff's cell phone by the Defendant as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

DAVE MAXFIELD, ATTORNEY, LLC

By:   s/ Dave Maxfield
David A. Maxfield, Esq., Fed ID 6293
5217 N. Trenholm Road, Suite B
Columbia, SC 29206
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

January 10, 2014